IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| KENNARD LANE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civ. No. 15-977-SLR |
| | ) | |
| VICTOR HUNDLEY, | ) | |
| | ) | |
| Defendant. | ) | |

Kennard Lane, James T. Vaughn Correctional Center, Smyrna, Delaware.  Pro Se Plaintiff.

Joseph Clement Handlon, Deputy Attorney General, Delaware Department of Justice, Wilmington, Delaware.  Counsel for Defendant.

**MEMORANDUM OPINION**

Dated:  January 18 , 2017
Wilmington, Delaware

**ROBINSON, District Judge**

## I. INTRODUCTION

Plaintiff Kennard Lane ("plaintiff"), an inmate at the James T. Vaughn Correctional

Center, Smyrna, Delaware,  proceeds pro se and was granted leave to proceed in forma

paupers.  He filed this civil action on October 27, 2015.  (D.I. 1)  The court has

jurisdiction pursuant to 28 U.S.C. § 1331.  Before the court are defendant's motion for

summary judgment and motion to dismiss for failure to prosecute.  (D.I. 12, 16)  The

court will grant the motion to dismiss for failure to prosecute and will deny as moot the

motion for summary judgment.

## II. BACKGROUND

Plaintiff alleges that, on September 14, 2015, defendant violated his constitutional

rights by reason of excessive force.  On April 28, 2016, defendant filed a motion for

summary judgment.  (D.I. 12)  Plaintiff sent a letter to the court, received, May 3, 2016,

asking if the case was still on the docket and seeking a copy of a disciplinary report.

(D.I. 14)  A response was sent to plaintiff the same day.  (D.I. 15)  Plaintiff did not

respond to the motion for summary judgment.  On December 12, 2016, defendant filed a

motion to dismiss for failure to prosecute.  (D.I. 16)  To date, plaintiff has not filed a

response to the motion.

## III. FAILURE TO PROSECUTE

The court turns to the issue of plaintiff's failure to prosecute, given that he has

taken no action since May 3, 2016, and he did not file responses to the motion for

summary judgment and the motion to dismiss.  Pursuant to Fed. R. Civ. P. 41(b), a court

may dismiss an action "[f]or failure of the plaintiff to prosecute or to comply with [the

Federal Rules] or any order of court . . . ." Although dismissal is an extreme sanction

that should only be used in limited circumstances, dismissal is appropriate if a party fails

to prosecute the action. *Harris v. City of Philadelphia*, 47 F.3d 1311, 1330 (3d Cir.

1995).

The following six factors determine whether dismissal is warranted:  (1) the extent

of the party's personal responsibility; (2) the prejudice to the adversary caused by the

failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness;

(4) whether the conduct of the party was willful or in bad faith; (5) the effectiveness of

sanctions other than dismissal, which entails an analysis of other sanctions; and (6) the

meritoriousness of the claim or defense. *Poulis v. State Farm Fire and Cas. Co.,* 747

F.2d 863, 868 (3d Cir. 1984); *see also Emerson v. Thiel Coll.*, 296 F.3d 184, 190 (3d Cir.

2002); *Huertas v. United States Dep't of Educ.*, 408 F. App'x 639 (3d Cir. 2010)

(unpublished).

The court must balance the factors and need not find that all of them weigh

against plaintiff to dismiss the action. *Emerson,* 296 F.3d at 190 (3d Cir. 2002).

Because dismissal for failure to prosecute involves a factual inquiry, it can be

appropriate even if some of the *Poulis* factors are not satisfied. *Hicks v. Feeney*, 850

F.2d 152, 156 (3d Cir. 1988); *Curtis T. Bedwell & Sons, Inc. v. International Fidelity Ins.

Co.*, 843 F.2d 683, 696 (3d Cir. 1988) (holding that not all *Poulis* factors must weigh in

favor of dismissal).

2

## IV. DISCUSSION

The court finds that the *Poulis* factors warrant dismissal of plaintiff's case. First, as a pro se litigant, plaintiff is solely responsible for prosecuting his claim. *Hoxworth v. Blinder, Robinson & Co.*, 980 F.2d 912, 920 (3d Cir. 1992). Second, defendant is prejudiced by plaintiff's failure to prosecute. Prejudice occurs when a plaintiff's failure to prosecute burdens a defendant's ability to prepare for trial. *Ware v. Rodale Press, Inc.*, 322 F.3d 218, 222-23 (3d Cir. 2003). Plaintiff's failure to take any action impedes defendant's ability to prepare a trial strategy or otherwise resolve the dispute.

With regard to the third factor, the court notes that plaintiff has failed to respond to the dispositive motions filed by defendant. This leads to the conclusion that, as to the third factor, there is a history of dilatoriness. As to the fourth factor, the facts to date lead to a conclusion that plaintiff's failure to prosecute is willful or in bad faith. Plaintiff filed this lawsuit yet failed to respond to motions seeking to terminate his case. For these reasons, the court finds plaintiff's actions willful and in bad faith.

As to the fifth factor, plaintiff proceeds pro se and has been granted pauper status. Hence, it is doubtful that monetary sanctions would be effective. Finally, as to the sixth factor, the court takes no position on the merits of the claim given the lack of discovery.

For the above reasons, the court finds that the *Poulis* factors weigh in favor of dismissal. Therefore, the court will grant defendant's motion to dismiss for failure to prosecute.

3

## V. CONCLUSION

For the above reasons, the court will grant defendant's motion to dismiss for

failure to prosecute and will deny as moot the motion for summary judgment. (D.I. 12,

16)

An appropriate order will issue.

4